**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **WILLIAM PAUL BURCH,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:20-cv-01241-P-BP** |
| | § | |
| **FORD MOTOR CREDIT COMPANY,** | § | |
| **LLC,** | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the court is Plaintiff's Motion to Dismiss filed on November 17, 2020. ECF No. 5.

In the pleading, Plaintiff requests that this case be dismissed without prejudice under Federal Rule

of Civil Procedure 41(a).

Pursuant to Rule 41(a)(1)(A)(i), Plaintiff is entitled to voluntarily dismiss his case without

a court order provided that the opposing party has not served an answer or a motion for summary

judgment. The right to voluntarily dismiss an action before service of an answer or summary

judgment motion is "absolute and unconditional" and may not be "extinguished or circumscribed

by adversary or court." *Int'l Driver Training Inc. v. J-BJRD Inc.*, 202 F. App'x 714, 715-16 (5th

Cir. Oct. 16, 2006) (quoting 8 James W. Moore et al., Moore's Federal Practice, § 41.33[2], at

41-48 (Matthew Bender 3d ed. 2006) and *Am. Cyanamid Co. v. McGhee*, 317 F. 2d 295, 297 (5th

Cir. 1963)). A notice of voluntary dismissal under this rule is "self-executing" and no further action

by the Court is required. *Id.*

Review of the record in this case reflects that the Defendant has removed this suit to this

Court, but has not filed an answer or a motion for summary judgment. Therefore, Plaintiff is

entitled to voluntarily dismiss the case without a court order under Rule 41(a)(1)(A)(i). *See Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1276 (5th Cir. 1990) (the district court did not abuse its discretion granting Plaintiff's motion for voluntary dismissal after the Defendant removed the case to federal court). The undersigned therefore **RECOMMENDS** that United States District Judge Mark T. Pittman direct the Clerk of Court to administratively close this case pursuant to Plaintiff's request for dismissal.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** November 20, 2020.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

2